# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

SCOTT MARTIN KADIK                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 1:18-CV-P178-GNS

TODD COUNTY DETENTION CENTER *et al.*                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Scott Martin Kadik leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and provide Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff was previously incarcerated at the Todd County Detention Center (TCDC). He names the TCDC and the following TCDC officials as Defendants in this action – Jailer Greg Allen; Major Dusty Dunning; Captain Tonya Schultz; Captain Steven Bophne; Sergeant Amy Powell, and Nurse Shannon Morris. Plaintiff sues Defendants Allen, Dunning, Powell, and Morris in both their official and individual capacities. He sues Defendants Schultz and Bophne in their official capacities only.

Plaintiff alleges that he was transferred to TCDC on August 2, 2018. He then writes as follows:

> Upon Intake I was informed by [Defendant Nurse] Morris that she would not give me anything for the extreme exema on my face It was to be ordered from the jail's commissary at my own expense. I get the hydrocortisone ordered by selling trays to other inmates When I received money I ordered the hypoallergenic lotion. I was moved to segregation for disciplinary reason on or about 9/1/18 At that time I was told I could have the meds or lotion I would have to pay for a sick call to have nurse write an order to give me this at med pass or after showers. I argued with

[Defendant] Sgt. Powell when she told me "to f-cking bad stop coming to jail if I don't like it" . . . I reported to [Defendant] Powell that the cold button was not working which forced me to bathe in scalding hot water which made my exema worse causing redness and pain [Defendant] Powell answer was "I told them there is nothing I can do don't bathe if you don't like it. . . . the jail jailer and staff violated my rights when they would not give me meds for a medical condition when the Department of Correction clearly pays a per diem for my care which includes routine medical as a state prisoner and again whey they did not provide me falsites with cold and cold running water."

With regard to his eczema, Plaintiff further alleges as follows:

At the time in the hole I was never getting my meds for excma [Defendant] Schultz mention how bad it look and she would email the nurse about it no response [Defendant] Schultz failed to do her job allowing me to suffer violating my rights [Defendant] Bophne also on another shift mentioned to me how bad I looked and also said he would email the nurse. [Defendant] Bophne failed to follow through allowing me to suffer violating my rights.

Plaintiff also claims that his rights were violated when, after reading the Bible, he:

decided to change my diet due to religious beliefs. I sent the request to [Defendant] Dunning and next day 9/16/18 I was escorted to booking (Major's Dunn's office) where I was . . . informed that "Christians eat pork" "your not muslim right" "your trying to cause more work for me and my staff." I said I am trying to assert my religious right not to eat pork at that time [Defendant] Major Dunning said "fuck my religion" and sent me back to isolation . . . . This was in the presence of [Defendant] Schulz. Thus violating my right to practice my religion.

Plaintiff next alleges that his rights were violated when he:

tried to send my mail out in the prisoner mail system responding to time sensitive material in a 2254 filed with this Court and responses to the D.O.C. All mail was returned to me. I was told by Lt. Dunn who up until the 6th of October handle all outgoing mail and money orders That [Defendant] Dunning would not send my mail she did not care if I was indigent which she stated "I wasn't and told me I should have bought stamps when I had money." Lt. Dunn provided me receipts to prove to her that I was indigent and told me to send my mail out frank. At that time I was called down to booking for another round intimidation and threats by [Defendant] Dunning while she look up what frank was. . . . [Defendant] Dunning finally pushed the mail aside and said she is taking all this shit to the post office and she don't give a f-ck what they do with it. Again, I believe my rights were violated when [Defendant] Dunning denied me access to mail and judicial process.

2

Plaintiff ends his complaint by stating that he believes that the jail and its staff:

> violated my constitutional rights multiple times causing me undo stress and causing me to suffer 28 days unnecessarily, where as this Plaintiff sold his food for stamps and passed his trays that contained pork away, forcing me to bathe in scalding water and not offering medical as well as mental health care.

Finally, Plaintiff seems to claim that Defendant Dunning was deliberately indifferent to his safety when she "carried her service revolver through the rec yard and into the jail housing unit yelling at another inmate . . ."

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

3

94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. 42 U.S.C. § 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Claims against TCDC and Official-Capacity Claims

The Court first turns to Plaintiff's claims against Defendant TCDC. The TCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under §

4

1983). In this situation, it is Todd County that is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

The same is true of Plaintiff's official-capacity claims. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the individual Defendants are actually against these Defendants' employer, which is ostensibly Todd County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38

F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Todd County. As such, the Court will dismiss Plaintiff's claims against the TCDC and his official-capacity constitutional claims against all Defendants for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Defendant Jailer Allen

Plaintiff does make specific allegations against Defendant Allen. To the extent that Plaintiff seeks to hold Defendant Allen liable based on his supervisory position as the TCDC Jailer, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Thus, because Plaintiff has failed to allege that Defendant Allen was actively involved in any of the alleged wrongdoing, the Court will dismiss the individual-capacity claim against him for failure to state a claim upon which relief can be granted.

### b. Deliberate Indifference to a Serious Medical Need

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002).

Based upon Plaintiff's allegations with regard to his eczema, the Court will allow the Eighth Amendment claim for deliberate indifference to serious medical needs to proceed against Defendants Morris and Powell in their individual capacities. The Court will allow Plaintiff to amend his complaint to sue Defendants Schultz and Bophne in their individual capacities so that the same claim can proceed against them as well. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

Finally, although Plaintiff makes vague references to the adequacy of the mental health treatment he received while incarcerated, his allegations are conclusory at best and not sufficient to allow an Eighth Amendment claim to proceed against any Defendant on this ground. Thus, the claim will be dismissed for failure to state a claim upon which relief may be granted.

### c. Religious Diet

Plaintiff next alleges that Defendant Dunning violated his rights when she refused to allow him to receive a pork-free diet, which he allegedly believes is required by the Bible. The Court construes this as a claim brought under the Free Exercise Clause of the First Amendment and will allow such claim to proceed against Defendant Dunning in her individual capacity.

### d. Denial of Access to the Courts

Plaintiff also alleges that Defendant Dunning refused to provide him stamps for legal mail related to a pending 28 U.S.C. § 2254 habeas action even though he was indigent and could not afford to buy them. He further alleges that he had to sell "trays" so that he could buy stamps for his mail.

To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353).

Here, Plaintiff alleges that Defendant Dunning refused to provide him stamps for legal mail related to a pending § 2254 action. Plaintiff, however fails to allege any actual injury to his § 2254 action or any other action. Thus, the Court finds that Plaintiff has failed to state a claim against Defendant Dunning based upon a denial of access to the courts.

### e. Deliberate Indifference to Safety

Finally, the Court turns to Plaintiff's allegation that Defendant Dunning "put his life and safety in jeopardy" when she "carried her service revolver through the rec yard and into the jail housing unit yelling at another inmate . . . ."

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834).

The Court finds that Plaintiff's allegation is too conclusory to state a plausible claim for relief. *Twombly*, 550 U.S. at 555. The lack of detail as to this allegation prevents the Court from finding that Defendant Dunning's conduct posed a sufficiently serious risk to Plaintiff's safety or that she disregarded that risk. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

## B. RLUIPA

Based upon Plaintiff's allegations related to his religious diet, the Court will also allow claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), to proceed against Defendant Dunning in her official and individual capacities.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the TCDC and his official-capacity § 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendant Dunning for denial of access to the courts and for deliberate indifference to Plaintiff's safety, as well as Plaintiff's individual-capacity claim against Defendant Allen, are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate the TCDC and Defendant Allen as parties to this action.

The Court will allow the following claims to proceed at this time: **Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Morris and Powell in their individual capacities; a First Amendment "Free Exercise" claim against Defendant Dunning in her individual capacity; and a RLUIPA claim against Defendant Dunning in both her official and individual capacities.** In allowing these claims to proceed, the Court passes no judgment on the merits of these claims or the ultimate outcome of this action.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he indicates that he is suing Defendants Schultz and Bophne in their individual capacities so that Eighth Amendment claims for deliberate indifference to a serious medical need can proceed against them as well.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of a 42 U.S.C. § 1983 form with this case number and the word "Amended" written on it. If Plaintiff returns this form to the Court, it should be docketed as an amended complaint.

**Plaintiff is WARNED that should he fail to return the second page of the amended complaint within 30 days indicating that he is suing Defendants Schulz and Bophne in their individual capacities, these Defendants will be dismissed from the action for failure to state a claim upon which relief may be granted.**

The Court will enter a Service and Scheduling Order to govern the claims it has allowed to proceed after the 30-day period for filing an amended complaint has expired.

Date: April 23, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Todd County Attorney
4416.011