UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00178-GNS-HBB

SCOTT MARTIN KADIK                                                                    PLAINTIFF

v.

TODD COUNTY DETENTION CENTER, et al.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (DN 31), the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 64), Plaintiff's Motion to Reserve the Right to Object (DN 67), Plaintiff's Objection to the Dismissal of the Official Capacity Claim against Dusty Dunning (DN 68), and Plaintiff's Motion to Withdraw the Right to Object (DN 75). These matters are ripe for adjudication. For the reasons that follow, Plaintiff's motion for summary judgment is **DENIED**, the Magistrate Judge's Report and Recommendation (R&R) is **DENIED AS MOOT**, Plaintiff's objection is **OVERRULED**, and Plaintiff's remaining motions are **DENIED**.

### I.     BACKGROUND

#### A.     Statement of Facts

This case is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Scott Martin Kadik's ("Kadik") primary contentions, as summarized by the Magistrate Judge, are that "he was not permitted necessary medication or treatment; that he was forced to bathe in water that was too hot, and which aggravated his medical condition; that he

1

was not accommodated in his religious dietary requirements; and that his legal mail was improperly handled." (R&R #1, at 1, DN 57; R&R #2, at 1, DN 64).

B. **Procedural History**

On December 14, 2018, Kadik filed a complaint against Todd County Detention Center, Jailer Greg Allen, Major Dusty Dunning, Captain Tonya Schultz, Captain Steven Boehne, Sergeant Amy Powell, and Nurse Shannon Morris[1] (collectively, the "Defendants"). (Compl., DN 1). This Court dismissed several of Kadik's claims following a screening pursuant to 28 U.S.C. § 1915A and then reinstated some of these claims upon reconsideration and the filing of an Amended Complaint and Second Amended Complaint. (Mem. Op. & Order, DN 13, 20, 24). On July 22, 2019, Kadik filed a motion for summary judgment. (Pl.'s Mot. Summ. J., DN 31). On August 7, 2019, Defendants moved to quash service of process and dismiss. (Defs.' Mot. Quash & Dismiss, DN 45). Defendants then responded to the motion for summary judgment, arguing in part that the motion was premature because the discovery deadline was not until September 18, 2019. (Defs.' Resp. Pl.'s Mot. Summ. J. 1, DN 49; Service & Scheduling Order 3, DN 21).

On September 12, 2019, the Magistrate Judge issued an R&R recommending that United States Marshalls Office serve process on the Defendants, which this Court accepted. (R&R #1, at 6-8; Order 1, DN 60). Following a suggestion of death, the claims against Major Dusty Dunning ("Dunning") were dismissed without prejudice with leave to refile against Dunning's estate. (Suggestion Death, DN 29; Judgment, DN 61). On October 21, 2019, the Magistrate Judge issued another R&R recommending denial of Kadik's motion for summary judgment for failure to properly serve Defendants. (R&R #2, at 3-4). Since that time, however, the United States Marshalls served process on all remaining Defendants. (Return Summons, DN 70, 71, 72, 76, 77,

---

[1] Todd County was later added as a Defendant as well.

79). On October 28, 2019, Kadik moved to reserve the right to object to DN 45, 57, 60, 64, and 60.1, and he subsequently withdrew this right to object on November 11, 2019. (Pl.'s Mot. Reserve Right Obj. 1, DN 67; Pl.'s Mot. Withdraw Right Obj. 1, DN 75). Finally, on November 5, 2019, the Magistrate Judge amended the scheduling order to set a new discovery deadline for March 2, 2020. (Scheduling Order 2, DN 78).

## II. DISCUSSION

### A. Motion for Summary Judgment

The Magistrate Judge recommended that Kadik's motion for summary judgment be denied for lack of personal jurisdiction. (R&R #2, at 4). Since that time, however, all Defendants have been properly served with process, such that the Court how has personal jurisdiction over them. The R&R is thereby moot. Regardless, Kadik's motion for summary judgment was filed nearly seven months before the discovery deadline set for March 2, 2020, at a time when the Court did not even have personal jurisdiction over Defendants. As noted by Defendants, it is improper for this Court to consider the motion for summary judgment prior to the exchange of discovery relevant to the pending motion. (Defs.' Resp. Pl.'s Mot. Summ. J. 1). Given the premature nature of Kadik's motion and the substantial discovery that has been exchanged since that time, it is prudent for this Court to deny Kadik's motion for summary judgment. Kadik has until the dispositive motion deadline of May 4, 2020, to refile an updated motion for summary judgment, which can be more thoroughly briefed by the parties at that time. (Scheduling Order 2). *See Middleton v. SelecTrucks of Am., LLC*, No. 3:17-CV-00602, 2019 WL 1139502, at *3 (W.D. Ky. Mar. 12, 2019) ("Under [Fed. R. Civ. P.] 56(d), the court may 'deny a motion for summary judgment as premature where the non-moving party has not had a sufficient opportunity for

3

discovery.'" (quoting *Andrews v. Raphaelson*, No. 09-77, 2009 WL 1636954, at *1 (E.D. Ky. June 11, 2009)).

B. **Motions to Reserve the Right to Object and Withdraw the Right to Object**

Kadik also purports to reserve the right to object to Defendant's motion to quash, the Magistrate Judge's first R&R, this Court's acceptance of that R&R, and the Magistrate Judge's second R&R, available at DN 45, 57, 60, and 64, respectively. (Pl.'s Mot. Reserve Right Obj. 1). This motion also refers to DN 64.1, which this Court interprets to mean DN 64-1, the proposed order attached to the R&R. Kadik then moves to withdraw the right to object with regards to the aforementioned docket entries, which effectively moots his prior motion. (Mot. Withdraw Right Obj. 1). Kadik adds, however, that he "would like to keep his objection in regards to Dusty Dunning in her official capacity with regards to the RLUIPA portion of the lawsuit." (Pl.'s Mot. Withdraw Right Obj. 2). This sentence refers to Kadik's objection to the dismissal of the official capacity claim against the now-deceased Dunning under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[2] (Obj. Dismissal Dunning, DN 68). The Court did in fact dismiss the claims against Dunning, but the Court's order did not specify whether dismissal applied to the official capacity as well as the individual capacity claims.

Generally speaking, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Here, the RLUIPA claim against Dunning in her official capacity is really a suit against her employer, Todd County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)

---

[2] Kadik was notified by the Clerk of Court that he failed to sign the objection, and he subsequently returned a signed copy of his objection. (Notice Deficiency, DN 69; Pl.'s Resp. Notice Deficiency, DN 74).

("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."). Todd County has already been added as a defendant to this action by order of the Court. (Mem. Op. & Order 5, DN 20). As such, Kadik's objection to the dismissal of the RLUIPA claim against Dunning in her official capacity is superfluous and is thereby overruled.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment (DN 31) is **DENIED**.

2. Magistrate Judge's Report and Recommendation (DN 64) is **DENIED AS MOOT**.

3. Plaintiff's Motion to Reserve the Right to Object (DN 67) is **DENIED**.

4. Plaintiff's Objection to the Dismissal of the Official Capacity Claim against Defendant Dusty Dunning (DN 68) is **OVERRULED**.

5. Plaintiff's Motion to Withdraw the Right to Object (DN 75) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 4, 2020

cc: Plaintiff, pro se
    Counsel of record